IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| N.J., by his next friend, | ) | |
|     KELLY JACOB, et.al. | ) | |
| | ) | |
|     Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | 20-CV-227 |
| | ) | |
| DAVID SONNABEND, | ) | |
| Individually and in his official | ) | |
| Capacity as Associate Principal of | ) | |
| Shattuck Middle School, et.al. | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants have filed a joint Motion for Judgment on the Pleadings [Doc. 14] in the consolidated case. They assert that none of the shirts at issue in this case are protected speech. They do not argue, however, that, even if the shirts are protected speech, the shirts can be restricted in a school setting. They also do not argue against Plaintiffs' procedural due process claims.

Plaintiffs will show that the shirts at interest are protected and, even if they are not, Plaintiffs' procedural due process claims remain intact.

–1–

Plaintiffs R.N. and K.S. have been dropped as parties in this case. Doc. 17. . Consequently, the claims peculiar to them, including the claims regarding the "Pew Professional" shirt and the "K.S. Smith & Wesson Shirt" are no longer live. Plaintiffs will focus, therefore, on the remaining shirts in the case.

Plaintiff N.J. is a student at Shattuck Middle School in the Neenah School District. He has been told he is prohibited from wearing two shirts, the "N.J. Smith & Wesson T-shirt" and the "Patriot Sweatshirt."

Plaintiff A.L. is a student at Kettle Moraine High School, where he has been told he may not wear the "WCI Shirt."

Defendants claim that none of these shirts is speech protected by the First Amendment. Plaintiffs will discuss each shirt in turn.

The N.J. Smith & Wesson T-Shirt bears the words "Smith & Wesson Firearms—Made in the USA Since 1852", the logo of the Smith and Wesson company and an image of a revolver. Defendants complain that the N.J. Smith & Wesson T-Shirt "merely contain[s] an isolated picture of a gun with a logo or advertisement. [It does] not convey any significant message or idea and [is] not deserving of First Amendment protection."

–2–

It is clear, however, that the N.J. Smith & Wesson T-Shirt is commercial speech, in that it advertises one of the leading firearms manufacturers in the nation. Commercial speech does indeed receive First Amendment protection, even if not the same degree of protection as other forms of speech. *Central Hudson Gas & Electric Corp. v. Public Service Commission,* 447 U.S.557, 100 S.Ct. 2343, 6 L.Ed. 2d 341 (1980). The Supreme Court and the 7th Circuit have applied a four-part test to determine if government restrictions on commercial speech withstand First Amendment scrutiny: 1) the speech must be truthful and not misleading; 2) the restrictions must seek to implement a substantial government interest; 3) the restrictions must directly advance that interest; and 4) the restrictions must reach no further than necessary to accomplish the objective. *Lavey v. City of Two Rivers,* 171 F.3d 1110 (7th Cir. 1999) *citing Central Hudson.*

As the moving party, Defendants bear the burden of proving that the N.J. Smith & Wesson T-Shirt fails the *Central Hudson* test. Plaintiffs will show that Defendants failed to meet their burden. First, Defendants have not alleged that any aspect of the N.J. Smith & Wesson T-Shirt is not truthful or is misleading. Indeed, only one factual statement is made on the shirt, pertaining to the age of the company and the origin of its products. The first sentence of the "History" section of the Wikipedia entry for Smith & Wesson states, "Horace Smith and Daniel B.

–3–

Wesson founded the Smith & Wesson Company in Norwich, Connecticut in 1852 to develop the Volcanic rifle." [https://en.wikipedia.org/wiki/Smith_%26_Wesson](https://en.wikipedia.org/wiki/Smith_%26_Wesson). It appears the claim of the age of the company and the origin of its products is truthful and not misleading.

For the second prong of the test, again, Defendants failed to make any effort to meet their burden. Indeed, they did not propose any government interest in restricting the wearing of the shirt. Even if they had, however, it would be inappropriate to dissect that interest in a motion for judgment on the pleadings, without the benefit of evidence or discovery.

For the third prong, Defendants also fail. Not having provided a substantial government interest, they cannot have shown how their restrictions advance that interest. Nor could they, in a motion for judgment on the pleadings.

Finally, Defendants also fail the fourth prong. They have not shown how their restrictions are tailored to reach no further than necessary to reach their objectives, nor can they. Again, at this stage of the proceeding, they cannot show how their restrictions are tailored at all, they have not shown what their objectives are, and they cannot show how the restrictions go no further than necessary.

In sum, Defendants have failed to show in any meaningful way why the N.J. Smith & Wesson T-Shirt is not protected by the First Amendment.

The WCI Shirt also contains speech that is at least akin to commercial speech (except that Wisconsin Carry, Inc. is a non-profit corporation), at least on the front. The reverse side of the shirt, however, contains additional information:



First, it contains the URL for Wisconsin Carry, Inc.'s web site. Stating an organization's URL clearly conveys a succinct idea – how to find that organization's web site. The reverse side also contains a citation to the Wisconsin Constitution ("The people have the right to keep and bear arms for security, defense, hunting, recreation or any other lawful purpose. Article 1 Sec. 25") When used in the context of promoting citizen possession and use of arms, this is political speech. It is not subject to the *Central Hudson* test and deserves the highest of First Amendment protections. Given that Defendants failed in any way to justify suppressing political speech, their claim as to the WCI Shirt fails.

Lastly, there is the Patriot Shirt. The Patriot Shirt actually contains two full English sentences, "I'm a patriot" and "Weapons are part of my religion." Moreover, it says "2/A", an obvious reference to the Second Amendment and "17/76", an even more obvious reference to the year of the nation's founding.

Defendants feign ignorance at what the message of the Patriot Shirt possibly could be. Notably, however, they gloss over the words, "I'm a patriot." It is of course self-evident what the words "I'm a patriot" mean, especially in the context of references to the nation's founding and the Bill of Rights. Defendants also ignore the "2/A" and "17/76" portions, and focus entirely on "Weapons are part of my religion" and naively (or obtusely) ask, "Is N.J. attempting to connote that he

–6–

uses weapons as part of religious ceremonies or that he worships weapons like a deity?"

Defendants also lose sight of the fact that, "a narrow, succinctly articulable message is not a condition of constitutional protection." *Hurly v. Irish-American Gay, Lesbian & Bisexual Group of Boston,* 515 U.S. 557, 569 (1995).

The shirts at issue all contain speech which, at least at this stage of the proceeding, are protected by the First Amendment.

Defendants next argue that Plaintiffs' substantive due process claims merge with their First Amendment arguments. If Plaintiffs had made substantive due process claims, Defendants might be correct. But Plaintiffs made procedural due process claims. The due process claim in the Kettle Moraine case is "By not providing Plaintiffs with objective criteria for knowing what clothing is prohibited, Defendant is denying Plaintiffs due process." Kettle Moraine case, Doc. 10, ¶50. The due process claim in the Neenah case is "By not providing Plaintiff with objective criteria for knowing what clothing is prohibited, Defendant is denying Plaintiff due process." Neenah case, Doc. 1, ¶ 40.

Being punished for violating a vague standard and not knowing objectively how to obey the law/rule is the quintessential due process violation. *FCC v. Fox*

*Television Stations, Inc.,* 132 S.Ct. 2307, 2317, 183 L.Ed.2d 234 (2012) ("[P]unishment fails to comply with due process if the statute or regulation under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited….") The Plaintiffs in the present case all complain that the school rules at issue are so vague that they are not on notice of what is prohibited. Because Defendants have failed to make any arguments at all for judgment on the pleadings of Plaintiffs' due process claims, those claims cannot be the subject of the Motion.

## **Conclusion**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings must be denied.

                                    JOHN R. MONROE,

                                    /s/ John R. Monroe

                                  John R. Monroe
                                  John Monroe Law, P.C.
                                  156 Robert Jones Road
                                  Dawsonville, GA 30534
                                  Telephone: (678) 362-7650
                                  jrm@johnmonroelaw.com
                                  State bar # 01021542

                                  ATTORNEYS FOR PLAINTIFF